*FOR PUBLICATION*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

APPELLATE DIVISION

NAOMI JOSEPH,                        )   D.C. Civ. App. No. 2007-0008
                                     )
            Appellant,               )   Super. Ct. Civ. No. 392/2003
      v.                             )
                                     )
SPEEDY GAS, INC.,                    )
                                     )
            Appellees.               )
_____    )

On Appeal from the Superior Court of the Virgin Islands
The Honorable Julio A. Brady, Judge Presiding

Considered: September 24, 2010
Filed: December 12, 2011

BEFORE:   CURTIS V. GOMEZ, Chief Judge, District Court of the
Virgin Islands; RAYMOND L. FINCH, Senior Sitting Judge,
District Court of the Virgin Islands; and ADAM G. CHRISTIAN,
Judge, Superior Court of the Virgin Islands, Division of St.
Thomas and St. John, sitting by designation.

Attorneys:

Vincent Colliani, Esq.
St. Croix, U.S.V.I.
         For the Appellant,

Patrick D. Blake, Esq. and Kevin L. Keller, Esq.
Norfolk, Virginia
         For the Appellee.

Naomi Joseph v. Speedy Gas, Inc.
D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 2

---

### MEMORANDUM OPINION

In this appeal arising out of a premises liability action, we are called upon to decide whether the Superior Court erred in its summary judgment determination regarding notice to the business owner.  For the reasons cited below, we affirm the Superior Court's decision.

### I.    FACTUAL AND PROCEDURAL POSTURE

The facts construed in the light most favorable to the Appellant are as follows. On June 24, 2003, at approximately 1:00 p.m., Appellant Naomi Joseph ("Appellant" or "Joseph") slipped on a puddle of gasoline at the Shuama Gas Station on St. Croix. Shuama Gas Station is owned by the Appellee, Speedy Gas ("Appellee" or "Speedy"). (App. 64, 73, 75.) Joseph broke her fall with her hands, injured her right hand and suffered pain as a result. (Appellant's brief at 9.)

On July 6, 2003, Joseph filed a civil action for damages against Speedy under a premises liability theory in the Superior Court of the Virgin Islands.[1] (App. 15.)  Discovery followed and the parties took several depositions including those of: Joseph, the appellant; Safi Yusuf ("Yusef"), the manager of Speedy; and Frank Abrue ("Abrue"), owner of the

---

[1] Joseph later amended her complaint.

Case: 1:07-cv-00008-CVA-GWG   Document #: 27   Filed: 12/12/11   Page 3 of 23
Nashi v. Joseph v. Speedy Gas, Inc.
D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 3

property that Speedy leased for use as a gas station.  Joseph,
Yusef and Abreu were all present at or near the time of the
incident.

The depositions revealed that since 1990, Speedy had
posted bolted signs on four columns beside each gas pump that
read, "CAUTION, SLIPPERY. DO NOT POUR WATER ON GAS SPILLS
PLEASE."[2] (App. 123, 131, 133.) Neither Joseph, Yusuf nor Abreu
saw the spill before Joseph fell although Yusuf routinely
patrolled the premises and cleaned up spills and also patrolled
the premises minutes before Joseph's fall. (App. 130-131, 1401,
150, 225-226, 228.) Deposition testimony also indicated that a
car had been pumping gas where Joseph slipped and fell minutes
before the incident; however, neither Joseph, Yusuf nor Abreu
knew who caused the spill. (App. 215, 223.)

On October 17, 2005, Speedy moved for summary judgment
arguing that Joseph failed to raise a genuine issue of material
fact that Speedy had notice of the spill, and that Speedy's
lack of notice was fatal to Joseph's claim.  The trial court
granted summary judgment in favor of Speedy and against Joseph.
This timely appeal followed.

---

[2] (J.A. 60.)

## II.   ISSUES PRESENTED

On appeal, Joseph raises two issues. First, whether the Superior Court erred in its summary judgment determination that Speedy lacked notice pursuant to Restatement (Second) of Torts § 343. Second, whether the Superior Court erred in its summary judgment determination that Speedy lacked notice pursuant to Restatement (Second) of Torts § 344.

## III. JURISDICTION

At the time Joseph filed her notice of appeal, this Court maintained appellate jurisdiction over civil appeals arising from final decisions of the Superior Court of the Virgin Islands. *See* Revised Organic Act of 1954 23A, 48 U.S.C. § 1613a; Act No. 6730 § 54(d)(1)(Omnibus Justice Act of 2005); *see, e.g., Gabriel Joseph v. People of the Virgin Islands*, 2008 U.S. Dist. LEXIS 107654, at *17 (D.V.I. App. Div. Dec. 9, 2008)(the Appellate Division maintains jurisdiction over all pending appeals filed prior to January 29, 2007); *see also Hypolite v. People*, 2009 WL 152319, at *2 (V.I. Jan. 21, 2009)(same).

## IV.   STANDARD OF REVIEW

Appellate courts exercise plenary review over the trial courts grant of summary judgment. *Pickard-Samuel v. Gov't of the V.I.*, 2010 V.I. Supreme LEXIS 19, at *6-7 (June 24,

2010)(citing *Maduro v. American Airlines, Inc.*, 2008 V.I.

Supreme LEXIS 24, at *7, [WL], at *2 (Feb. 28, 2008)). On

review, we apply the same test that the lower court should have

utilized.[3]  *Simmonds v. Gov't of the Virgin Islands*, 2009 U.S.

Dist. LEXIS 35130 (D.V.I. App. Div. Apr. 22, 2009).

   "When reviewing the record, we must view the inferences to

be drawn from the underlying facts in the light most favorable

to the non-moving party, and we must take the non-moving

party's conflicting allegations as true, but only if 'supported

by proper proofs.'" *Id.* (emphasis added)(*quoting Seales v.*

*Devine*, 2008 V.I. Supreme LEXIS 23, at *4, [WL], at *1 (Mar. 3,

---

[3] A moving party is entitled to summary judgment if the
pleadings, depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if any, show
that there is no genuine issue as to any material fact and that
the moving party is entitled to a judgment as a matter of law.
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The
mere existence of some alleged factual dispute between the
parties will not defeat an otherwise properly supported motion
for summary judgment." *Texaco Antilles Ltd.*, 273 F. Supp. 2d at
662; *see also Horsehead Indus. v. Paramount Communs., Inc.*, 258
F.3d 132 (3d Cir. 2001). A factual dispute is "material" only
if it might affect the outcome of the suit under governing law.
*Anderson*, 422 U.S. at 248. Summary judgment may be entered
"against a party who fails to make a showing sufficient to
establish the existence of an element essential to that party's
case, and on which that party will bear the burden of proof at
trial." *Texaco Antilles Ltd.*, 273 F. Supp. 2d at 662. Once the
moving party properly supports its motion for summary judgment,
the non-moving party must establish a genuine issue of material
fact in order to preclude a grant of summary judgment. *Id.* The
evidence and inferences drawn there from must be viewed in the
light most favorable to the nonmovant. *Id.*

Naomi Joseph v. Speedy Gas, Inc.
D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 6

2008)).[4] In conducting such review, we must consider questions
of law, jurisdiction or interpretation of statute de novo. *See
Gov't of the Virgin Islands v. Albert*, 89 F. Supp. 2d 658, 663
(D.V.I. App. Div. 2001. However, we afford the more deferential
clear error review to factual determinations.[5] *Id.*

## V.   ANALYSIS

Joseph slipped on a slick substance, fell, and was injured
on Speedy's premises. However, "[t]he mere fact that an
accident occurred does not give rise to an inference that the
injured person was the victim of negligence." *Tameru v. W-
Franklin*, L.P., 350 Fed. Appx. 737, 739 (3d Cir. 2009).
Rather, to establish a claim for negligence in the Virgin
Islands, a plaintiff must prove four elements: (1) a duty; (2)
a breach of that duty; (3) causation; and (4) damages.[6] *See*

---

[4] "[T]o survive summary judgment, the nonmoving party's evidence
must amount to more than a scintilla, but may amount to less
(in the evaluation of the court) than a preponderance." *Seales
v. Devine*, S.Ct. Civ. No. 2007-0040, 2008 V.I. Supreme LEXIS
23, *4, [WL], at *1 (Mar. 3, 2008).

[5] A reviewing court may reverse a factual finding based on
"clear error" only where "that determination either (1) is
completely devoid of minimum evidentiary support displaying
some hue of credibility, or (2) bears no rational relationship
to the supportive evidentiary data" or where the reviewing
court on the entire evidence is left with the definite and firm
conviction that a mistake has been committed. *Georges v. Gov't
of the V.I.*, 119 F. Supp. 2d 514, 520 (D.V.I. App. Div. 2000).

[6] *See* V.I. Code Ann. tit. 1, §4; *see also Turbe v. Gov't of the
Virgin Islands*, 938 F.2d 427, 429 (3d Cir. 1991) ("[t]he nature

Restatement (Second) of Torts § 281; *see also Anders v. Puerto Rican Cars, Inc.*, 2009 U.S. Dist. LEXIS 85848, at *28 (D.V.I. 2009).

On appeal, Joseph raises two issues.[7] First, citing Restatement (Second) of Torts § 343 ("Section 343"), she argues that the trial court erred because past, regularly occurring oil spills put Speedy on constructive notice that a dangerous condition occurred on its premises. In the alternative, citing the Restatement (Second) of Torts § 344 ("Section 344"), Joseph similarly contends that Speedy knew from past experience that third parties were likely to cause spills. We shall address each argument in turn.

---

of the legal duty owed by a defendant is generally a question of law")(citing Restatement (Second) of Torts § 328B(b) (1965)). Where there is a question whether the duty was breached, such an issue is generally a question of fact. *Newark Branch, NAACP v. City of Bayonne*, 134 F.3d 113, 119 (3d Cir. 1998). Likewise, causation is generally a question of fact. *Id.*; *Fabend v. Rosewood Hotels & Resorts, L.L.C.*, 381 F.3d 152, 154 (3d Cir. 2004).

[7]Below, Joseph argued that Speedy breached its duty to maintain its property in a reasonably safe condition; and that breach caused her injuries. Speedy countered that no genuine issue of material fact existed where Speedy did not have actual or constructive notice of the gas spill. The trial court ruled in Speedy's favor.

**A. Liability under Section 343 of the Restatement (Second) of Torts.**

The question of notice is determinative to Joseph's cause.[8]

Under Section 343 of the Second Restatement, a landowner has a

duty to protect invitees from dangerous or hazardous conditions

if she had a hand in causing the condition, or _if she knows_ of

the condition or by the exercise of reasonable care would have

discovered the condition.  _Id._ The Restatement explicitly

provides that,

_____

[8] Joseph argues that Speedy had constructive notice of the
gasoline on the ground because it was a reoccurring condition.
Citing case law arising out of Illinois, Tennessee and Ohio,
Joseph contends that, under Section 343 of the Second
Restatement, a possessor of land is charged with constructive
notice when regularly occurring spills occur, regardless of the
time that the spill was present. (Appellant's brief at 12-
14)(citing _Culli v. Marathon Petroleum Co._, 862 F.2d 119, (7th
Cir. 1988)); _Collins v. Emro Marketing Co._, 1999 WL 333298, at
*6-7 (Ohio App.); _Barrett v. Red food Stores, Inc._, 1992 WL
33891 (Tenn. App. 1992). While these cases are instructive on
the law of those jurisdictions, they do not bind this Court. In
this jurisdiction, in the absence of statutory law to the
contrary, the Restatement and its progeny govern. V.I. Code
Ann. tit. 1, § 4; _see also Fabend v. Rosewood Hotels & Resorts,
L.L.C._, 381 F.3d 152, 155 (3d Cir. 2004); _Saldana v. Kmart
Corp._, 260 F.3d 228, 233 (3d Cir. 2001). Only where the
Restatement does not govern, or cases in this jurisdiction
interpreting it are silent, do we look to the common law "as
generally applied and understood in the United States" for
substantive guidance. _Turbe v. Gov't of the Virgin Islands_, 938
F.2d 427, 428 (3d Cir. 1991). Where Section 343 actions are
concerned, the Restatement (Second) of Torts, Third Circuit
common law and Virgin Islands jurisprudence are well-
established and speak directly to the issues presented in this
appeal. _See_ 1 V.I.C. § 4(absent statutory or common law to the
contrary, the Restatement and its progeny are governing law in
the U.S. Virgin Islands).

A landowner owes a duty to protect invitees from
the condition of its premises **only if it**: (a)
**knows or by the exercise of reasonable care would**
**discover the condition,** and should realize that
it involves an unreasonable risk of harm to such
invitee, and (b) should expect that they will not
discover or realize the danger, or will fail to
protect themselves against it, and (c) failed to
exercise reasonable care to protect them against
the danger.

Restatement (Second) of Torts § 343 (emphasis added).

In line with this standard, to establish duty and breach

in a premises liability case, "a plaintiff must [first]

establish that the business had **actual or constructive notice**

of the dangerous condition and [then establish that the

defendant] failed to eliminate or warn of the condition."

*Saldana v. K-Mart Corp.*, 260 F.3d 228, 232 (3d Cir.

2001)(emphasis added); *see also Read v. Sam's Club*, 2005 U.S.

Dist. LEXIS 37579, at *9-10 (E.D. Pa. Sept. 23, 2005)(notice

imposes a legal duty on the possessor or land to rectify a

potentially dangerous condition).[9] Here, the parties agree that

Joseph did not allege actual notice.  Thus, the issue turns on

the question of constructive notice.

---

[9] The parties do not dispute that Speedy's representatives
observed the area minutes prior to Joseph's fall and at the
time of the fall Speedy had posted warning signs at every
gasoline pump cautioning patrons to be careful of potentially
slippery conditions. (App. 11.)

Naomi Joseph v. Speedy Gas, Inc.
D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 10

Joseph avers and Speedy concedes that Joseph observed gasoline on the floor where she slipped. However, "the mere presence of the [] substance does not establish whether it has been there a few seconds, a few minutes or even a few days before the accident."[10] *Id.* at 232. Rather, Section 343 requires a showing that the defendant had constructive notice of the potential "unreasonable risk of harm." *Saldana*, 260 F.3d at 232 (citing *David v. Pueblo Supermarket*, 740 F.2d 230, 234 (3d Cir. 1984) (quoting Restatement (Second) of Torts § 343 (1965)). To show "unreasonable risk of harm" under the controlling standard, Joseph was required to demonstrate that the condition existed "long enough" to present constructive notice. *Id.* at 231.

Under summary judgment's standard, Speedy bore the initial burden of showing that there was no genuine issue of material fact as to constructive notice. *Bank of New York v. U.S. Small Business Admin.*, 2009 U.S. Dist. LEXIS 92728, *6, [WL] (D.V.I. Sept. 30, 2009) (citing *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985)). Once this burden was met, the burden shifted to Joseph, the non-moving party, to establish specific facts

_____

[10] Where properly presented, "circumstantial evidence that a substance was left on the floor for an inordinate period of time may be enough to constitute sufficient notice to support a finding of negligence." *Tameru v. W-Franklin, L.P.*, 350 Fed. Appx. 737, 740 (3d Cir. 2009)(citing *Saldana*, 260 F.3d at 232)).

showing there indeed was, a genuine issue for trial." *Id.* at
*6.

In *Saldana*, the plaintiff slipped and fell on a puddle of
wax on the floor of a K-Mart store on St. Croix. *Id.* No one saw
the wax before Saldana fell, no one else slipped in the puddle
and Saldana did not see tracks near the puddle that might have
indicated that someone else had stepped in the spill. *Id.* When
faced with summary judgment, the trial court ruled in favor of
the corporate defendant because Saldana could not point to any
evidence that indicated the length of time that the puddle was
on the floor. *Id.* On appeal, the Third Circuit affirmed the
trial court's decision that K-Mart lacked constructive notice.
*Id.* at 234-235.

In this case, Joseph has failed to meet her shifted burden
because she has not shown any evidence that the gasoline was on
the ground long enough to give Speedy constructive notice of
its "potential 'unreasonable risk of harm.'" *See id.* at 232
(citing *David*, 740 F.2d at 234). In fact, when deposed, Joseph
conceded that she had no idea how long the gasoline was on the
ground.

Q:    Ok. You said that you had no idea how long the gasoline
      was on the floor; is that correct?

A:    True.

Q:    Do you have any information that anybody at SHUAMA,

Naomi Joseph v. Speedy Gas, Inc.
D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 12

       including the owner or anyone inside, had any knowledge
       that the gasoline was indeed on the floor before you fell?

A:    I didn't speak to anyone inside the store. The only
       individuals that I know for sure saw me falling there was
       there, was the owner [Yusef], the owner of the car,
       [D'Abreu] and Harvey so, no, I don't know.

Q:    You don't know whether --

A:    Whether anybody inside would have had regarding the length
       of time the gas was on the ground.

Q:    Well, more than opinion. Do you have any knowledge that --

A:    No knowledge.

Q:    Okay.

A:    I can't see how, but --

Q:    You can't see how what?

A:    How they would know how long it's been there. And if they
       know --

Q:    Not even -- not even how long it's been there, but do you
       have any knowledge that they knew it was indeed there
       before you fell?

A:    No.

(Joseph Dep. 79:15-80:17, March 18, 2005; App. 223-224.)

     Summary judgment requires that we draw all reasonable

inferences in the non-moving party's favor. However, we cannot

draw reasonable inferences on the issue of notice and resultant

duty, where the Plaintiff fails to offer any evidence either

that: a) the Defendant knew of the potential dangerous

condition or b) the condition existed for an unreasonable

length of time. *See Tameru v. W-Franklin, L.P.*, 350 Fed. Appx.
737, 740-741 (3d Cir. 2009)(granting summary judgment in favor
of defendant where slip and fall plaintiff offered no evidence
that the ice was "observable for any significant period of time
prior to the accident"); *see also Saldana*, 260 F.3d at 231-232
(plaintiff's failure to present evidence that the condition
lasted "for some minimum amount of time before the accident"
justified granting summary judgment for the defendant); *see,
e.g., Beck v. Holly Tree Homeowners Ass'n*, 689 F. Supp. 2d 756,
768 (E.D. Pa. 2010)(granting summary judgment to defendant
where there was insufficient evidence that defendant had
constructive notice of black ice condition).

Notice and the duty that it triggers are the *sine qua non*
of a Section 343 premises liability claim. The record reveals
that Speedy met its initial burden of showing that it lacked
notice. Joseph, however, has not meet her shifted burden of
showing that Speedy had notice of the spill that caused her to
slip and fall. *Saldana* 260 F.3d at 234-235. As such, no genuine
issue of material fact exists as to Speedy's duty. Accordingly,
Joseph's Section 343 argument fails.

## B. Liability under Section 344 of the Restatement (Second)of torts

In the alternative, Joseph argues that Speedy is subject
to liability under Section 344 of the Second Restatement of

D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 14

Torts ("Section 344").[11] Slip and fall actions filed under

Section 343 are common in the Virgin Islands. However, our

courts have rendered few substantive decisions under Section

344 that speak directly to claims of liability arising out of

third party negligence. [12] *See, e.g., Kosick v. Bar-Sela,* 2007

WL 2362699, at *4 (V.I. Super.Ct. April 2, 2007)(holding that

Section 344 did not apply to the facts presented); *Couch v. St.*

*Croix Marine Inc.* 667 F.Supp. 223, 226 (D.V.I. 1987)(raising,

but not addressing, Section 344 claim in JNOV context).[13]

---

[11] Joseph argues that a genuine issue exists as to Speedy's
liability under Section 344, because the spill was a likely and
foreseeable hazard that Speedy failed to exercise reasonable
care to discover and protect Joseph against. Joseph directs us
two areas of Yusef's deposition in support of this claim.
First, where Yusef states that oil spills "a few times a day
sometimes." (App. 60-61.) Second, where Yusef concedes that
Speedy was unaware of industry standards for proper oil clean-
up. (*Id.*)

[12] Section 344 has been applied in several contexts relating to
prevention of or warning about negligent third acts of patrons
and independent contractors. *Read,* 2005 U.S. Dist. LEXIS 37579.

[13] Notably, there is a "general agreement among the circuits
that: (1) proof merely of the occurrence of a fall on a floor
within business premises is insufficient to show negligence on
the part of a proprietor; (2) proof, only that, the floor on
which the fall occurred had present thereon water, oil, mud,
snow, etc., is similarly insufficient; and (3) the *res ipsa*
*loquitur* doctrine is inapplicable in [Section 344] cases. . ."
*See* R.D. Hursh, *Liability of proprietor of store, office, or*
*similar business premises for injury form fall on floor made*
*slippery by tracked-in or spilled water, oil, mud, snow, and*
*the like,* 62 A.L.R.2d 6, 2 (2009).

Section 344 requires the plaintiff to make a showing that the negligent act in question was caused by a third party. Section 344 specifically provides that,

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to (a) discover that such acts are being done or are likely to be done, or (b) give a warning[14] adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

*Id.*[15] Section 344, comment f exemplifies that a business owner's duty attaches when she is aware (or has reason to be aware)

---

[14] It is undisputed that Speedy checked the premises for spills minutes before Joseph's fall and that Speedy had posted warnings that patrons should be cautious of spills. We defer to the trial court's factual findings concerning the adequacy of the warnings. (App. 11.)

[15] Comment (b) to Section 344 provides,

> 'Third persons' include all persons other than the possessor of the land, or his servants acting within the scope of their employment. It includes such servants when they are acting outside of the scope of their employment, as well as other invitees or licensees upon the premises, and also trespassers on the land, and even persons outside of the land whose acts endanger the safety of the visitor.

*Id.; see also Kenny v. Southeastern Pennsylvania Transp. Authority*, 581 F.2d 351, 354 (3d Cir. 1978).

Naomi Joseph v. Speedy Gas, Inc.
D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 16

that negligent acts are committed by a third party. Comment f

explains that,

> Since the possessor is not an insurer of the
> visitor's safety, he is ordinarily under no duty to
> exercise any care **until he knows or has reason to**
> **know that the acts of the third person** are occurring,
> or are about to occur.

Restatement (Second) of Torts § 344 (1965) comt. f. (emphasis

added).

Notably, Section 344 is distinct from Section 343 in

several key areas. Section 343 imposes a duty on any possessor

of land. However, Section 344 specifically imposes a duty on

the possessor of land who holds his premises out for businesses

purposes. *Read v. Sam's Club*, 2005 U.S. Dist. LEXIS 37579 (E.D.

Pa. Sept. 23, 2005). Section 343 requires the possessor of land

to warn or protect against dangerous conditions regardless of

how they occurred. *Id.* However, Section 344 isolates the

business person's liability to those acts committed by third

parties. Under Section 343, a defendant need only have

knowledge of the likelihood of a harmful condition caused by a

third party, as compared to knowledge of the actual harmful

condition imposed by 344. *Id.* Thus, under Section 344, when

properly presented, some reoccurring conditions caused by third

parties may constitute notice to the possessor of land. *Id.*;

*see also* Restatement (Second) of Torts § 344 cmt. f. Finally,

D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 17

although 344 places a broader duty upon the defendant to

protect and warn against conditions caused by third parties, it

also requires the plaintiff to make a specific showing that the

dangerous condition was actually caused by a third party. *Id.*

### 1. Joseph has failed to put forward evidence that the negligence of a third party caused the spill

Joseph hinges her section 344 argument entirely upon a

case decided in the Court of Common Pleas in Pennsylvania. *See*

*Donovan v. Strawbridge & Clothier*, 1994 WL 1251144 (P.A.

Com.Pl. 1994). In *Donovan*, a jury rendered a verdict against a

defendant-business owner under Section 344 for a slip and fall

that occurred as a result of a liquid purportedly left on the

ground by the defendant's independent contractor. *Id.* In ruling

on the defendant's post-verdict motion for judgment

notwithstanding the verdict, the Pennsylvania trial court held

that the business owner breached its duty to police the

premises from reoccurring harm. *Id.*

However, Donovan is distinguishable from the case at bar.

*Donavan's* non-binding impact notwithstanding, the *Donovan* court

was faced with a sharply different standard of review. In

*Donovan*, the trial court ruled, on a post-trial motion for

judgment notwithstanding the verdict and applied a standard

that was exceedingly deferential to supporting the jury's

verdict. *Id. Donovan* was also factually distinct from this case

Nashi Joseph v. Speedy Gas, Inc.
D.C. Civ. App. No.: 2007-0008
Memorandum Opinion
Page 18

in one pivotal regard. In *Donovan*, the Plaintiff claimed that
the slip was caused by a liquid substance left on the ground by
one of the Defendant's independent contractors — an
identifiable concessionaire. *Id.*

Joseph, however, does not point to any third party. At
best, she rests upon the assumption that because the spill was
on the ground — a third party must have caused it. However, <u>a</u>
<u>party resisting a (Rule 56) motion must set forth specific</u>
<u>facts</u> showing a genuine issue for trial and may not simply rest
upon the mere allegations or denials of its pleadings.
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.
574, 586 (1986)(emphasis added)(a party opposing a Rule 56
motion must do more than simply show that there is some
"metaphysical doubt as to the material facts") *see also Marten*
*v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007)(same); *Scott v.*
*Harris*, 550 U.S. 372, 380 (2007).

It is well-established that we are required to view those
facts that are presented in a light most favorable to the non-
moving party, and that generally, "questions of causation
appropriately are resolved by the trier of fact." [16] *Gans v.*

---

[16] The Third Circuit has specifically held that although
causation is generally a question of fact, that "the question
becomes an issue of law when there is no evidence from which a
jury could reasonably find the required proximate, causal nexus

*Mundy*, 762 F.2d 338, 341 (3d Cir. 1985); *Sealey-Christian v.
Sunny Isles Shopping Ctr., Inc.*, 2009 V.I. Supreme LEXIS 45, at
*12 (November 23, 2009). However, while causation is "usually
reserved for the factfinder, summary judgment is proper where
the facts are undisputed . . ." *Gans*, 762 F.2d at 341.

It is undisputed that only minutes before Joseph's fall,
both Yusef and D'Abreu observed the area where she fell, and
the spill was not present. (App. 150, 178-182, 187.)  It is
also undisputed that Yusef and D'Abreu both stated that they
did not know how the spill arrived on the ground. There is no
testimonial or documentary evidence that a third party actually
caused <u>this</u> spill.[17]  It is also undisputed that Joseph's
deposition dovetails with Yusef's and Abreu's where she
concedes that she had no idea who or what caused the spill or
when the spill occurred.  Joseph does not even explicitly
speculate as to how this spill arrived on the ground. In sum,
there are no conflicting theories, no disputed facts and no
proffers identifying a third-party actor who caused the spill.
Thus, Joseph has not met her shifted burden of raising a
genuine issue of material fact that third party negligence

---

between the careless act and the resulting injuries." *Port
Auth. v. Arcadian Corp.*, 189 F.3d 305, 319 (3d Cir. 1999).

[17] (App. 61.)

caused the spill that led to her injuries. Hence, Section 344
does not apply.

### 2. Joseph has not put forward evidence that Speedy had constructive knowledge

To establish liability for third party negligence under
Section 344, Joseph must also show that Speedy either (1)
helped create the dangerous condition, or (2) had actual or
constructive notice of the condition."[18]   *See* Restatement
(Second) of Torts § 344 cmt. f. As such, assuming *arguendo* even
if Joseph has sufficiently identified a third party,
independent of Speedy, notice to Speedy was nonetheless
required.

Joseph posits that under Section 344, notice to the
business proprietor is not required. (Appellant's Brief at 10,
15.) However, Joseph's position is painted with too broad of a
stroke. More precisely, courts interpreting the Restatement
(Second) of Torts have long-agreed that where the business
owner or his servants **create** a dangerous, reoccurring
condition, then no notice is required when imposing liability.[19]

---

[18] *Vazquez v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist. LEXIS 82445,
at *12-13 (E.D. Pa. Aug. 5, 2010)(like the Virgin Islands, "the
Restatement (Second) of Torts § 344 and its comment (f) have
long been the law in Pennsylvania").

[19] *See, e.g., Vazquez v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist.
LEXIS 82445, at *12-13 (E.D. Pa. Aug. 5, 2010) (interpreting
Section 344 and holding that, when the danger that caused

On the other hand, if an unsafe condition is created by a third party patron for whom the proprietor is not responsible, a Section 344 slip and fall plaintiff must show, like in a Section 343 claim, that the condition existed for such a length of time that the proprietor knew, or by exercise of reasonable care should have known, of its existence in time to have removed the danger or warn of its presence. *See Read*, 2005 U.S. Dist. LEXIS 37579, at *17 (granting defendant summary judgment in a Section 344 slip and fall case where plaintiff could not establish that defendant had constructive notice); *see also Gaskill v. Great Atlantic & Pac. Tea Co.*, 171 S.E.2d 95, 97 (N.C. 1969).

Indeed, Section 344 by its own terms requires that the plaintiff show that the business owner "**knows or has reason to know** that **acts of the third person are occurring**, **or are about to occur**." Restatement (Second) of Torts § 344 cmt. f (emphasis added). *See, e.g., Lofton v. Travelers Ins. Co.*, 208 So. 2d 739 (La. Ct. App. 3d Cir. 1968)(in an action concerning conditions created by third persons, constructive knowledge is present when it is shown that the hazard remained on premises for

---

plaintiff's harm is traceable to acts of the possessor of land or his agents, the plaintiff does not need to prove that the possessor had notice of such danger); *see also Little v. Butner*, 348 P.2d 1022, 1028-1029 (Kan. 1960)([w]here condition of floor is traceable to proprietor's own act, proof of notice is unnecessary).

unreasonable length of time); *Little*, 348 P.2d at 1029 (actual

or constructive notice must be shown where condition was

created by one for whom proprietor is not responsible); *see*

*also Lee v. Walmart, Inc.*, 2003 U.S. Dist. LEXIS 3139, at *10-

25 (E.D. Pa. Feb. 13, 2003) (summary judgment granted for

defendant under Section 344, where invitee was attacked by a

third party inside defendant's store and invitee failed to show

that defendant should have foreseen actions of a third party);

*see also Vazquez*, 2010 U.S. Dist. LEXIS 82445, at *12-13 ("To

establish liability under [Section] 344, plaintiff must prove

that [defendant] either (1) helped create the dangerous

condition, or (2) had actual or constructive notice of the

condition."). Thus, to succeed in a Section 344 claim, a

plaintiff is required to show that the business owner had

notice that third-party acts were occurring or about to occur.

A business owner is simply not liable for each and every

spill that occurs on his premises.[20]  This Appellant has

offered no evidence that Speedy had constructive notice that a

---

[20] *See also Parker v. McCrory Stores Corp.*, 101 A.2d 377, 377-78
(Pa. 1954)(department store cannot be expected to inspect
"every minute or every five minutes every entrance, aisle,
corridor and stairway in the store, in order to instantly clean
up and eliminate every wet or possibly slippery, or possibly
dangerous condition and every puddle which might be found to
exist anywhere in the store").

spill was occurring or about to occur.[21] To counter the record,
Joseph offers bare allegations, but no proof. Without any
evidence that third-party negligence caused the spill Joseph
does not trigger Section 344 nor raise a genuine issue of
material fact concerning causation, notice or duty. *See, e.g.,
Read,* 2005 WL 2346112 (E.D Pa. September 23, 2005)(no genuine
issue of material fact under Section 344 where plaintiff
offered no evidence as to who or what caused the dangerous
condition).[22] Accordingly, Joseph's claim must fail as a
matter of law.

**VI.   CONCLUSION**

     For the reasons cited above, we affirm the Superior
Court's summary judgment decision.

---

[21] The record also reveals that Joseph frequented the gas station
almost every day for approximately one year prior to the
accident and that during that period, warning signs were
posted.

[22] *Read v. Sam's Club,* concerned a Section 344 plaintiff who
slipped and fell on a small puddle of clear liquid in the
frozen food aisle of a store. 2005 U.S. Dist. LEXIS 37579, at
*1. The plaintiff submitted statistical evidence showing how
often slips and fall accidents occurred at the store. *Id.* at
*17. The court in *Read* concluded that the statistical evidence
failed to support a showing that slip and fall accidents caused
by third parties were sufficiently frequent at the store to
constitute notice of third party negligence; and rendered
summary judgment against the plaintiff on his Section 344
claim. *Id.* at *17-18.